# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOTEBILL, LIMITED, <br> 2 Highwood Park, Crawley <br> West Sussex, RH11 9PP, England, <br><br> and <br><br> DAVID HOWARD, <br> 2 Highwood Park, Crawley <br> West Sussex, RH11 9PP, England, <br><br>     Plaintiffs, <br>  v. <br><br> COMMONWEALTH FINANCIAL SYSTEMS, INC., <br> a/k/a North East Credit <br> 245 Main Street <br> Dickson City, PA 18519, <br><br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. |

## **COMPLAINT**

1. Plaintiff Notebill, Limited is an English and Welsh company with a principal place of business located at 2 Highwood Park, Crawley, West Sussex, RH11 9PP, England. As a result, Notebill is a citizen of Wales and England.

2. Plaintiff David Howard is a citizen of England who resides at 2 Highwood Park, Crawley, West Sussex, RH11 9PP, England.

3. Howard owns 100% of Notebill.

4. Defendant Commonwealth Financial Systems, Inc. is a Pennsylvania corporation with a principal place of business located at 245 Main Street, Dickson City, PA 18519. As a result, Commonwealth Financial Systems is a citizen of Pennsylvania.

5. Commonwealth Financial Systems sometimes trades as North East Credit.

6. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because this lawsuit is between citizens of a State and citizens or subjects of a foreign state, and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Additionally, the parties consented to the jurisdiction of this Court in the loan agreements they signed.

8. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 because all defendants reside in this District, a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this District, and a substantial part of the property that is the subject of his lawsuit is situated in this District.

9. Commonwealth Financial Systems is in the business of, *inter alia*, attempting to collect accounts receivable and servicing portfolios of accounts receivable.

10. Commonwealth Financial Systems approached Howard and asked if Howard and/or Notebill would assist in acquiring portfolios of accounts receivable that Commonwealth Financial Systems could attempt to collect and service.

11. Howard and Notebill partnered with Commonwealth Financial Systems to purchase and collect portfolios of accounts receivable.

12. Howard advanced and/or loaned Commonwealth Financial Systems hundreds of thousands of dollars to purchase the portfolios of accounts receivable identified as "client 5007" and "client 5307."

13. Notebill advanced and/or loaned Commonwealth Financial Systems hundreds of thousands of dollars to purchase the portfolios of accounts receivable identified as "client 5508," "client 5512," "client 5514," "client 5692," and "client 5693."

14. Commonwealth Financial Services signed loan agreements and other instruments with Howard and/or Notebill.

15. The loan agreements contain a Pennsylvania choice of law clause.

16. The loan agreements contain a waiver of any right to a jury trial.

17. Under the loan agreements, Commonwealth Financial Systems promised to indemnify Howard and/or Notebill from all damage, cost, loss and expense, including reasonable attorneys' fees, resulting from Commonwealth Financial Systems' acts or omissions.

18. Commonwealth Financial Services signed notes payable to Howard and/or Notebill.

19. The notes contain a Pennsylvania choice of law clause.

20. Commonwealth Financial Systems promised to repay the amounts advanced by each of Howard and Notebill and to pay Howard and/or Notebill either 50% or 55% (depending on the transaction) of the gross cash proceeds from collection of the debts in the portfolio of accounts receivable purchased by Commonwealth Financial Systems. In at least some of these transactions, Commonwealth Financial Systems also promised to pay interest on the amounts advanced.

21. Commonwealth Financial Services granted Howard and/or Notebill security interests in portfolios of accounts receivable purchased with the money they advanced.

22. Howard and/or Notebill filed the appropriate UCC-1 financing statements to reflect and perfect their security interests.

23. Howard and/or Notebill perfected their security interests.

24. Howard and/or Notebill's security interests are still in effect, are valid and binding, and have not been waived or released.

25. Commonwealth Financial Services has collected monies as a result of its pursuit of accounts receivable from the portfolios.

26. Despite repeated demand, Commonwealth Financial Services has not remitted to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios.

27. Commonwealth Financial Services' failure to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios has persisted for more than 90 days.

28. As a result of Commonwealth Financial Services' failure to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios, Howard and Notebill demanded that Commonwealth Financial Services transfer the portfolios to Remit Corporation for servicing.

## COUNT I – BREACH OF CONTRACT

29. Howard and Notebill incorporate the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. Commonwealth Financial Services' actions constitute breaches of covenants and events of default under the notes and loan agreements.

31. Under the notes and agreements between Commonwealth Financial Services and each of Howard and Notebill, Howard and/or Notebill are entitled to accelerate all payments due under the notes and loan agreements upon an event of default.

32. Howard and Notebill have accelerated, and/or all principal amounts have become due and payable at maturity.

33. Commonwealth Financial Services has failed to pay all interest due.

34. Commonwealth Financial Services has also failed to pay Howard and/or Notebill the applicable amount (whether 50% or 55%) of collections resulting from the portfolios.

35. Commonwealth Financial Services has not made all payments required under the instruments and agreements between Commonwealth Financial Services and Howard and/or Notebill.

36. Additionally, Commonwealth Financial Services is required to pay Howard and/or Notebill 50% or 55% of all future collections resulting from the portfolios.

37. As a result of Commonwealth Financial Services' breach, Howard and/or Notebill are entitled to the present value of these future collections.

38. Commonwealth Financial Services has breached its obligations.

39. Commonwealth Financial Services' breaches have not been excused or cured.

40. All conditions precedent, if any, to Howard and/or Notebill's right to enforce the instruments and agreements have been either satisfied or waived.

41. Commonwealth Financial Services' breaches of the instruments and agreements have caused damage to Howard and/or Notebill in an amount in excess of $75,000 to be proven at trial.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an

5

amount in excess of $75,000 to be determined at trial, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

**COUNT II –**
**REPLACEMENT OF COMMONWEALTH FINANCIAL SERVICES AS SERVICER OF THE PORTFOLIOS OF ACCOUNTS RECEIVABLE BECAUSE OF DEFAULT**

42. Howard and Notebill incorporate the allegations contained in paragraphs 1-41 as if fully set forth herein.

43. Under the loan agreements, Howard and/or Notebill have the right to replace Commonwealth Financial Services as the servicer of the portfolios of accounts receivable if Commonwealth Financial Services defaults.

44. Commonwealth Financial Services has defaulted.

45. Howard and Notebill have demanded that Commonwealth Financial Services transfer the portfolios of accounts receivable to a new servicer, Remit Corporation.

46. Despite demand, Commonwealth Financial Services has failed to transfer the portfolios it held for Notebill.

47. Commonwealth Financial Services' failure to transfer the portfolios of accounts receivable to the new servicer designated by Howard and Notebill constitutes a further breach of Commonwealth Financial Services' obligations.

48. A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

Case 3:10-cv-06869-ARC Document 891 Filed 10/11/11 Page 6 of 17

49. Commonwealth Financial Services' breaches have caused damage to Howard and/or Notebill, in an amount in excess of $75,000 to be proven at trial.

50. Additionally, Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services, Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

### COUNT III –
### REPLACEMENT OF COMMONWEALTH FINANCIAL SERVICES AS SERVICER OF THE PORTFOLIOS OF ACCOUNTS RECEIVABLE WITHOUT CAUSE

51. Howard and Notebill incorporate the allegations contained in paragraphs 1-50 as if fully set forth herein.

52. This count is pled in the alternative to Count II.

53. In the alternative, Howard and/or Notebill are entitled to require Commonwealth Financial Services to transfer the portfolios of accounts receivable to a new servicer upon giving thirty days written notice.

54. Howard and Notebill gave Commonwealth Financial Services written notice more than thirty days ago to transfer the portfolios of accounts receivable to a new servicer, Remit Corporation.

55. Despite demand, Commonwealth Financial Services has failed to transfer the portfolios it held for Notebill.

56. Commonwealth Financial Services' failure to transfer the portfolios of accounts receivable to the new servicer designated by Howard and Notebill constitutes a breach of Commonwealth Financial Services' obligations.

57. A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

58. Commonwealth Financial Services' breaches have caused damage to Howard and/or Notebill, in an amount in excess of $75,000 to be proven at trial.

59. Additionally, Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services, Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

**COUNT IV – BREACH OF JOINT VENTURES**

60. Howard and Notebill incorporate the allegations contained in paragraphs 1-59 as if fully set forth herein.

61. Howard and/or Notebill, on the one hand, entered into joint ventures with Commonwealth Financial Services, on the other hand, to purchase and collect the accounts receivable from the portfolios.

62. Under the joint ventures, Howard and/or Notebill were responsible for supplying funds to purchase the portfolios, as well as funds towards the costs of collecting the accounts receivable in the portfolios.

63. Howard and Notebill fulfilled and discharged their responsibilities to and under the joint ventures.

64. Under the joint ventures, Commonwealth Financial Services was responsible for servicing the portfolios, overseeing collection efforts, and remitting the appropriate funds to Howard and/or Notebill.

65. Commonwealth Financial Services has not fulfilled or discharged its responsibilities to and under the joint ventures.

66. Instead, despite repeated demand, Commonwealth Financial Services has refused to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios.

67. Commonwealth Financial Services has breached the joint venture agreements.

68. Additionally, Commonwealth Financial Services is required to pay Howard and/or Notebill 50% or 55% of all future collections resulting from the portfolios.

69. As a result of Commonwealth Financial Services' breach, Howard and/or Notebill are entitled to the present value of these future collections.

70. Commonwealth Financial Services' breach of the joint venture agreements has caused damage to Howard and/or Notebill in an amount in excess of $75,000 to be proven at trial.

71. As a result of Commonwealth Financial Services' breach of the joint venture agreements, the Court should dissolve the joint ventures.

72. As a result of Commonwealth Financial Services' breach of the joint venture agreements, the Court should require Commonwealth Financial services to transfer the portfolios of accounts receivable to a new servicer.

73. A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

74. Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services, Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

## COUNT V – BREACH OF TRUST

75. Howard and Notebill incorporate the allegations contained in paragraphs 1-74 as if fully set forth herein.

76. Commonwealth Financial Services entered into a trust relationship with Howard and Notebill.

77. Commonwealth Financial Services breached this trust relationship by, *inter alia*, failing to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios.

78. Additionally, Commonwealth Financial Services is required to pay Howard and/or Notebill 50% or 55% of all future collections resulting from the portfolios.

79. As a result of Commonwealth Financial Services' breach, Howard and/or Notebill are entitled to the present value of these future collections.

80. Commonwealth Financial Services' breach of trust has caused damage to Howard and/or Notebill in an amount in excess of $75,000 to be proven at trial.

81. As a result of Commonwealth Financial Services' breach of trust, the Court should require Commonwealth Financial services to transfer the portfolios of accounts receivable to a new servicer.

82. Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

83. A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from

11

future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services, Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

### COUNT VI – BREACH OF FIDUCIARY DUTY

84. Howard and Notebill incorporate the allegations contained in paragraphs 1-83 as if fully set forth herein.

85. Commonwealth Financial Services entered into a fiduciary relationship with Howard and Notebill.

86. Commonwealth Financial Services entered into a fiduciary relationship with Howard and Notebill by, *inter alia*, entering into a trust relationship with Howard and/or Notebill, controlling the use of all funds contributed to the joint ventures by Howard and Notebill, controlling all operating aspects of the joint ventures (including but not limited to all collection efforts), determining when to remit funds, and placing all funds to be remitted into accounts controlled by Commonwealth Financial Services. Additionally, Howard and Notebill reasonably relied on Commonwealth Financial Services' professed expertise in the management and collection of portfolios of accounts receivable. Commonwealth Financial Services knew of, and encouraged, this reliance.

12

87.     Commonwealth Financial Services breached this fiduciary relationship by, *inter alia*, failing to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios.

88.     Additionally, Commonwealth Financial Services is required to pay Howard and/or Notebill 50% or 55% of all future collections resulting from the portfolios.

89.     As a result of Commonwealth Financial Services' breach, Howard and/or Notebill are entitled to the present value of these future collections.

90.     Commonwealth Financial Services' breach of fiduciary duty has caused damage to Howard and/or Notebill in an amount in excess of $75,000 to be proven at trial.

91.     As a result of Commonwealth Financial Services' breach of fiduciary duty, the Court should require Commonwealth Financial services to transfer the portfolios of accounts receivable to a new servicer.

92.     A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

93.     Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services,

Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

## COUNT VII – ENFORCEMENT OF SECURITY AGREEMENTS

94. Howard and Notebill incorporate the allegations contained in paragraphs 1-93 as if fully set forth herein.

95. As set forth above, Commonwealth Financial Services has breached its obligations.

96. Howard and/or Notebill have valid security interests in the portfolios.

97. Commonwealth Financial Services' breach of its obligations entitles Howard and/or Notebill to enforce their security agreements.

98. Commonwealth Financial Services has thwarted Howard and Notebill's ability to enforce their security agreements by, *inter alia*, failing to transfer the portfolios to Remit Corporation for servicing.

99. Commonwealth Financial Services' interference with Howard and/or Notebill's security agreements has caused damage to Howard and/or Notebill in an amount in excess of $75,000 to be proven at trial.

100. The Court should enforce Howard and/or Notebill's security agreements.

101. The Court should require Commonwealth Financial services to transfer the portfolios of accounts receivable to a new servicer.

102. Howard and Notebill are entitled to an injunction compelling Commonwealth Financial Services to transfer the portfolios of accounts receivable to Remit Corporation.

103. A failure to transfer the portfolio will allow Commonwealth Financial Services to continue to fail to remit to Howard and/or Notebill amounts owed to them from future collections, and to allow Commonwealth Financial Services to continue to divert to its own use funds received for the account of Howard and/or Notebill.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., in an amount in excess of $75,000 to be determined at trial, that Commonwealth Financial Services, Inc. be ordered to transfer the portfolios to Remit Corporation within ten days, and that David Howard and Notebill, Limited be awarded interest, costs, attorneys' fees, and such other relief as the Court deems just and equitable.

### COUNT VIII – ACCOUNTING

104. Howard and Notebill incorporate the allegations contained in paragraphs 1-103 as if fully set forth herein.

105. Howard and Notebill advanced monies to Commonwealth Financial Services so that Commonwealth Financial Services could purchase portfolios of accounts receivable.

106. Commonwealth Financial Services was under an obligation to attempt to collect the accounts receivable in the portfolios and remit portions of the amounts collected to Howard and/or Notebill.

107. Commonwealth Financial Services has failed to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios.

108. Neither Howard nor Notebill were involved in the collection of accounts receivable from the portfolios.

109. Neither Howard nor Notebill was involved in the calculation of interest (which was sometimes based on a floating rate) owed to Howard and/or Notebill.

110. Although Commonwealth Financial Services has provided Howard and/or Notebill with statements showing how much Commonwealth Financial Services thinks it should remit to Howard and/or Notebill, Howard and Notebill lack sufficient information to determine whether these statements are accurate.

111. Additionally, the statements Commonwealth Financial Services sent to Howard and/or Notebill did not state the amount of interest accrued.

112. Commonwealth Financial Services' failure to remit to Howard and/or Notebill amounts that Howard and/or Notebill are owed as a result of Commonwealth Financial Services' collection of accounts receivable from the portfolios calls into question the veracity of Commonwealth Financial Services' statements of how much it should remit to Howard and/or Notebill.

113. More importantly, Commonwealth Financial Services has stopped sending monthly statements to Howard and Notebill.

114. As a result, Howard and Notebill lack sufficient information to determine precisely how much money Commonwealth Financial Services owes them.

115. The Court should order Commonwealth Financial Services to submit to a full accounting.

**WHEREFORE**, David Howard and Notebill, Limited respectfully request that judgment be entered in their favor, and against Commonwealth Financial Services, Inc., and that

16

Commonwealth Financial Services, Inc. be ordered to submit an accounting of all monies collected from the portfolios, as well as the interest accrued and the costs of servicing the portfolios, and that David Howard and Notebill, Limited be awarded attorneys' fees and such other relief as the Court deems just and equitable.

                                                Respectfully submitted,

Dated: October 11, 2011                    /s/ Aaron Krauss
                                                Aaron Krauss (62419)
                                                Cozen O'Connor
                                                1900 Market Street
                                                Philadelphia, PA 19103
                                                (215) 665-2000

                                                Attorneys for Plaintiffs